IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONEY NETWORK, LLC.,  :
          Plaintiff,  :
      v.  :     Civil Action No. 10-CV-1037 (HB)
         :
COMDATA CORP., FSV PAYMENT  :
SYSTEMS, INC., and GLOBAL CASH  :
CARD, INC.,  :
          Defendants.  :

**ANSWER, AFFIRMATIVE DEFENSES**
**AND COUNTERCLAIMS**
**OF FSV PAYMENT SYSTEMS, INC.**

FSV PAYMENT SYSTEMS, INC., defendant in the above-captioned action ("FSV"),

responds as follows to the complaint filed by plaintiff MONEY NETWORK, LLC ("Money

Network"):

*Section of Money Network's complaint entitled "Parties"*

1.     Money Network is a limited liability company duly organized under the law of

Delaware, with a principal place of business in Memphis, Tennessee.

*FSV is without knowledge or information sufficient to form a belief about the truth of the*

*allegations in this paragraph, and therefore denies them*

2.     Upon information and belief, Comdata is organized and existing under the laws of

the State of Maryland, with a principal place of business at 5301 Maryland Way, Brentwood, TN

37027.

*FSV is without knowledge or information sufficient to form a belief about the truth of the*

*allegations in this paragraph, and therefore denies them.*

3.      Upon information and belief, FSV is organized and existing under the laws of the State of Delaware, with a principal place of business at 15710 John F. Kennedy Blvd. #500, Houston, TX 77032.

*Admitted.*

4.      Upon information and belief, Defendant Global is organized and existing under the laws of the State of Nevada, with a principal place of business at 7 Corporate Park, Suite 130, Irvine, CA 92606.

*FSV is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.*

**Section of Money Network's complaint entitled "Jurisdiction and Venue"**

5.      This action arises under the patent laws of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) as Defendants have conducted business in this district, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling Money Network to relief.

*Admitted in part and denied in part. FSV admits that the complaint purports to state a claim under the Patent Laws of the United States and that this Court has jurisdiction over the subject matter of Money Network's complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a). FSV admits that, pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), venue is proper in this Judicial District in that FSV is a corporation subject to personal jurisdiction in this Judicial District. The remaining allegations in this paragraph are denied. By way of further response,*

*FSV states affirmatively that it has not committed any acts of patent infringement in this or any*

*other judicial district and that Money Network is not entitled to any relief claimed herein.*

**Section of Money Network's complaint entitled "Count 1, Patent Infringement"**

6.　　Plaintiff is the owner of United States Patent No. 7,500,600 ("'600 Patent")

entitled "Enhanced Pre-Allocated Check Negotiability Systems and Methods." The '600 Patent

issued on March 10, 2009. A true and correct copy of the '600 Patent is attached as Exhibit A.

*Admitted in part and denied in part. FSV admits that Money Network has attached as*

*Exhibit A to its complaint a copy of what appears to be United States Patent No. 7,500,600 ("the*

*'600 patent"), entitled "Enhanced Pre-Allocated Check Negotiability Systems and Methods,"*

*issued on March 10, 2009. FSV is without knowledge or information sufficient to form a belief*

*about the truth of the remaining allegations in this paragraph, and therefore denies them.*

7.　　Upon information and belief, Comdata has been and now is directly or jointly

infringing, and/or indirectly infringing by way of inducing infringement and/or contributing to

the infringement of the '600 Patent in this judicial district, and elsewhere in the United States,

by, among other things, making, using, selling, and offering to sell products and/or services for

check authorization. The products and/or services for check authorization infringe the '600

Patent by at least: (1) receiving a request, at the host computer system, to allocate a first amount

of funds to the negotiable instrument; (2) verifying the availability of the first amount of funds;

(3) allocating the first amount of funds to the negotiable instrument, wherein upon allocation the

first amount of funds comprises a host-specified first amount of funds; (4) receiving a request to

authorize a transaction using the negotiable instrument to which the first amount of funds have

been allocated, wherein the request includes information comprising: a user-specified second

amount of funds; and identification information which identifies the negotiable instrument; (5) authorizing the transaction, based at least in part on a determination that the host-specified first amount of funds associated with the negotiable instrument is equal to the user-specified second amount of funds specified in the request to authorize; and (6) indicating that the transaction using the negotiable instrument was authorized, so that any future request to authorize one or more other transactions using the negotiable instrument will be declined. Comdata's infringing products and/or services for check authorization include at least the Comdata Comchek. Comdata is thus liable for infringement of the '600 Patent pursuant to at least 35 U.S.C. § 271(a), (b), and (c) and Money Network is entitled to an injunction pursuant to 35 U.S.C. § 283, to recover damages pursuant to 35 U.S.C. § 284, and to recover attorneys' fees and costs pursuant to 35 U.S.C. § 285.

*FSV is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.*

8.     Upon information and belief, FSV has been and now is directly or jointly infringing, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '600 Patent in this judicial district, and elsewhere in the United States, by, among other things, making, using, selling, and offering to sell products and/or services for check authorization. The products and/or services for check authorization infringe the '600 Patent by at least: (1) receiving a request, at the host computer system, to allocate a first amount of funds to the negotiable instrument; (2) verifying the availability of the first amount of funds; (3) allocating the first amount of funds to the negotiable instrument, wherein upon allocation the first amount of funds comprises a host-specified first amount of funds; (4) receiving a request to authorize a transaction using the negotiable instrument to which the first amount of funds have

been allocated, wherein the request includes information comprising: a user-specified second amount of funds; and identification information which identifies the negotiable instrument; (5) authorizing the transaction, based at least in part on a determination that the host-specified first amount of funds associated with the negotiable instrument is equal to the user-specified second amount of funds specified in the request to authorize; and (6) indicating that the transaction using the negotiable instrument was authorized, so that any future request to authorize one or more other transactions using the negotiable instrument will be declined. FSV's infringing products and/or services for check authorization include at least CheckToday and PayCheckPlus. FSV is thus liable for infringement of the '600 Patent pursuant to at least 35 U.S.C. § 271(a), (b), and (c) and Money Network is entitled to an injunction pursuant to 35 U.S.C. § 283, to recover damages pursuant to 35 U.S.C. § 284, and to recover attorneys' fees and costs pursuant to 35 U.S.C. § 285.

*Denied.  By way of further response, FSV states affirmatively that it is not liable to Money Network for patent infringement and that Money Network is not entitled to any injunction, money damages, attorneys' fees or costs, or any other relief.  FSV states affirmatively that Money Network's patent is invalid for failure to meet the legal requirements of the Patent Laws of the United States under one or more of Sections 101, 102, 103 and/or 112, and that, even if Money Network's patent were valid, FSV's products and/or services do not fall within the properly construed scope of any of its claims.  Averments set forth below in the sections entitled "Affirmative Defenses" and "Counterclaims" are incorporated herein by reference.*

9.      Upon information and belief, Global has been and now is directly or jointly infringing, and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '600 Patent in this judicial district, and elsewhere in the United States,

by, among other things, making, using, selling, and offering to sell products and/or services for check authorization. The products and/or services for check authorization infringe the '600 Patent by at least: (1) receiving a request, at the host computer system, to allocate a first amount of funds to the negotiable instrument; (2) verifying the availability of the first amount of funds; (3) allocating the first amount of funds to the negotiable instrument, wherein upon allocation the first amount of funds comprises a host-specified first amount of funds; (4) receiving a request to authorize a transaction using the negotiable instrument to which the first amount of funds have been allocated, wherein the request includes information comprising: a user-specified second amount of funds; and identification information which identifies the negotiable instrument; (5) authorizing the transaction, based at least in part on a determination that the host-specified first amount of funds associated with the negotiable instrument is equal to the user-specified second amount of funds specified in the request to authorize; and (6) indicating that the transaction using the negotiable instrument was authorized, so that any future request to authorize one or more other transactions using the negotiable instrument will be declined. Global's infringing products and/or services for check authorization include at least Global Cash Card checks and G-Checks. Global is thus liable for infringement of the '600 Patent pursuant to at least 35 U.S.C. § 271(a), (b), and (c) and Money Network is entitled to an injunction pursuant to 35 U.S.C. § 283, to recover damages pursuant to 35 U.S.C. § 284, and to recover attorneys' fees and costs pursuant to 35 U.S.C. § 285.

*FSV is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them.*

10.    All allegations of Money Network's Complaint not specifically admitted above are expressly denied.

WHEREFORE, FSV respectfully requests that Money Network's claim for patent infringement be denied, that judgment be entered in favor of FSV, and that FSV be granted an award of attorneys' fees and costs against Money Network in an amount to be determined at or following trial.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense – Patent invalidity*

11.     The '600 patent is invalid for failure to comply with one or more of the legal requirements for patentability under 35 U.S.C. § 101 et seq.

12.     Because the '600 patent is invalid, Money Network's claim for patent infringement against FSV must be denied.

### *Second Affirmative Defense – Non-infringement*

13.     FSV's products and/or services fall outside the properly construed scope of the claims of the '600 patent.

14.     Because FSV's products and/or services fall outside the proper scope of the '600 patent's claims, Money Network's claim for patent infringement against FSV must be denied.

### *Third Affirmative Defense – License, Waiver and Release*

15.     Upon information and belief, Money Network has licensed the use of the '600 patent to other parties who are, in turn, responsible for acts or conduct that, according to Money Network, constitute infringement by FSV.

16.   FSV cannot be liable for infringement based upon acts or conduct performed by parties licensed to practice the '600 patent, because any claim based upon such acts or conduct is licensed, waived or released by Money Network and/or would be barred by the first sale doctrine.

***Fourth Affirmative Defense – Indemnification and Contribution***

17.   To the extent that FSV is found to be liable to Money Network for infringement of the '600 patent, other parties are liable to FSV for indemnification and/or contribution for such infringement.

***Fifth Affirmative Defense – No Indirect Infringement***

18.   FSV is not infringing and has not infringed any of the claims of the '600 patent by inducing or contributing to its infringement by others.

***Sixth Affirmative Defense – Failure to State a Claim Upon Which Relief Can Be Granted***

19.   Money Network's claim against FSV is subject to dismissal for failure to state a claim upon which relief can be granted.

***Seventh Affirmative Defense – No Willful Infringement***

20.   FSV is not willfully infringing and has not willfully infringed any of the claims of the '600 patent.

*Eighth Affirmative Defense – Prosecution History Estoppel*

21.     Money Network took positions and made representations during prosecution of the application that ultimately issued as the '600 patent that are inconsistent with its present position and that defeat its assertion of the '600 patent against FSV.

22.     Money Network's claims as alleged by its complaint are barred by the doctrine of prosecution history estoppel.


*Other Affirmative Defenses*

23.     FSV provides notice that it intends to rely upon any additional defenses that become available or apparent during discovery and reserves its right to amend this pleading to assert such additional defenses, or if appropriate, delete any of the ones listed above.


## COUNTERCLAIMS

*Facts Common to All Counterclaims*

24.     FSV is organized and existing under the laws of the State of Delaware, with a principal place of business in Houston, Texas.

25.     Upon information and belief, Money Network is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in Memphis, Tennessee.

26.     Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

27.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and (c), in that a substantial part of the events or omissions giving rise to this action occurred in this district,

Money Network is subject to personal jurisdiction in this district, and Money Network has sued FSV and sought to enforce the '600 patent in this Judicial District.

28.     In its Complaint, Money Network alleges that it is owner of the '600 patent. Money Network has sued FSV in the instant action, alleging infringement of the '600 patent, which FSV has denied.  Thus, an actual case or controversy exists between Money Network and FSV with respect to the alleged infringement of the '600 patent.


*First Counterclaim – Declaratory Judgment of Invalidity*

29.     FSV repeats the facts stated above in Paragraphs 24-28.

30.     FSV is entitled to a declaratory judgment that the '600 patent is invalid.


*Second Counterclaim – Declaratory Judgment of Non-Infringement*

31.     FSV repeats the facts stated above in Paragraphs 24-30.

32.     FSV is entitled to a declaratory judgment that FSV does not infringe, directly or jointly or indirectly, any valid claim of the '600 patent.


*Other Counterclaims*

33.     FSV provides notice that it intends to assert any additional counterclaims that become available or apparent during discovery, and reserves its right to amend this pleading to assert such additional counterclaims, or if appropriate, delete any of the ones listed above.

## REQUEST FOR RELIEF

WHEREFORE, FSV requests that a judgment be entered in its favor and against Money Network:

a.   declaring that Money Networks is estopped from asserting its claims against FSV;

b.   declaring that FSV does not infringe any claim of the '600 patent;

c.   declaring that the '600 patent is invalid;

d.   declaring that this case is exceptional and awarding FSV its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

e.   awarding FSV its costs incurred in defending itself in this litigation; and

f.   awarding FSV such other and further relief as this Court deems just and proper.


## JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, FSV requests a trial by jury with respect to all issues so triable.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ, LLP

Rudolf E. Hutz (No. 484)
Jeffrey L. Elchen (No. 5331)
M. Curt Lambert (No. 4882)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141 (telephone)
(302) 658-5614 (facsimile)

*Attorneys for FSV Payment Systems, Inc.*

## CERTIFICATE OF SERVICE

I, Jeffrey L. Eichen, do hereby certify that on this day, January 28, 2011, I caused a copy

of the above **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** to be

served upon counsel of record for all parties as indicated below:


*Via Electronic Mail & Hand Delivery*

John W. Shaw (#3362)
Jeffrey T. Castellano (#4837)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

*Attorneys for Plaintiff Money Network, LLC*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
**POTTER ANDERSON & CORROON LLP**
Hercules Plaza
1313 N. Market St., 6th Floor
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Comdata Corp.*

Jack B. Blumenfeld
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 N. Market Street
Wilmington, DE 19801
jblumenfeld@mnat.com

*Attorneys for Defendant Global Cash Card, Inc.*

*Via Electronic Mail & Federal Express*

David E. Sipiora
Ryan D. Phillips
**KILPATRICK TOWNSEND & STOCKTON LLP**
1400 Wewatta Street, Suite 600
Denver, CO 80202-5827
dsipiora@kilpatricktownsend.com
rphillips@kilpatricktownsend.com

*Attorneys for Plaintiff Money Network, LLC*


*/s/ Jeffrey L. Eichen*
Jeffrey L. Eichen (#5331)